Filed 10/25/23  P. v. Cervantes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>         v.<br><br>ISRAEL CERVANTES,<br><br>    Defendant and Appellant. | G062007<br><br>(Super. Ct. No. 96CF1855)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Israel Cervantes appeals the denial of his petition for resentencing under Penal Code section 1172.6. However, his appellate attorney was unable to find any arguable issues in the record, and we have not detected any either. We therefore affirm the trial court's denial order.

## BACKGROUND

In 1997, appellant was convicted of murder, attempted murder and other crimes. The jury also found true an enhancement allegation that appellant personally used a firearm during the attempted murder. The trial court sentenced him to 85 years to life in prison, but in 2001 the Supreme Court overturned his murder conviction (*People v. Cervantes* (2001) 26 Cal.4th 860), and he was resentenced to 60 years to life. His sentence was reduced another 10 years in 2019, after the trial court struck the firearm enhancement in the interest of justice.

In 2022, appellant filed a petition to vacate his attempted murder conviction and to be resentenced under Penal Code section 1172.6, formerly section 1170.95. Following a response by the People and a hearing at which appellant was represented by appointed counsel, the trial court denied the petition on the basis appellant failed to make a prima facie showing for relief.

In this appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. We informed appellant of his right to file a supplemental brief, however, he declined to do so. Exercising our discretion and in the interest of justice, we have examined the entire record for any arguable issues. (See *id.* at p. 230.) But that examination has only confirmed counsel's conclusion there is no arguable issue. Appellant's petition was properly denied.

## DISCUSSION

Pursuant to Penal Code section 1172.6, a defendant may petition for vacatur and resentencing if he was convicted of "attempted murder under the natural and

2

probable consequences doctrine[.]" (Pen. Code, § 1172.6, subd. (a).)  However, appellant's jury was not instructed on that doctrine or any other theory that would have permitted it to convict him of attempted murder based upon imputed malice.  Therefore, he is ineligible for resentencing as a matter of law, and the trial court properly denied his petition.  (*People v. Strong* (2022) 13 Cal.5th 698, 708; *People v. Lewis* (2021) 11 Cal.5th 952, 971; *People v. Coley* (2022) 77 Cal.App.5th 539, 542, 548; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205.)  There is no arguable basis for disturbing that decision.

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOTOIKE, J.

DELANEY, J.

3